# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN HYATT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | Case No.: 2:25-cv-00315-DJC-JDP<br><br>**ORDER REFERRING CASE TO VDRP** |

On January 24, 2025, Plaintiff Stefan Hyatt initiated this action under the Americans with Disabilities Act of 1990. (ECF No. 1). On April 14, 2025, Defendant filed an answer to the complaint. (ECF No. 13). On May 19, 2025, the Court ordered Plaintiff to file a first amended complaint and that the answer filed by Defendant on April 14, 2025 be responsive to Plaintiffs forthcoming first amended complaint. (ECF No. 19). On May 21, 2025, Plaintiff filed a first amended complaint. (ECF No. 20).

In the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an early informal resolution of this matter, IT IS HEREBY ORDERED that:

1. This action is STAYED for except as set forth herein.

2. All previously set deadlines and hearings are VACATED pending further order of the court.

3. If parties have not already made all initial disclosures required by Fed. R. Civ. P. 26(a)(1), they must do so within fourteen (14) days of this order.

4. The parties are DIRECTED to promptly meet and confer to discuss settlement of this action. Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable. The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.

3. If the parties have not been able to informally reach a settlement within forty-five (45) days, the parties shall thereafter initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov, and file a notice on the court's docket stating they have contacted the VDRP administrator.[1]

4. The parties shall carefully review and comply with E.D. Cal. L.R. 271, which outlines the specifications and requirements of the VDRP.

5. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with E.D. Cal. L.R. 271(o).

IT IS SO ORDERED.

Dated:  May 21, 2025                    /s/ Daniel J. Calabretta
                                        THE HONORABLE DANIEL J. CALABRETTA
                                        UNITED STATES DISTRICT JUDGE

---

[1] The parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP. The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, and/or failing to participate in the VDRP program in good faith.

2